**CHRIS' WRECKER SERVICE, INC., Plaintiff,**

v.

**The TOWN OF FAIRFIELD, et al., Defendants.**

**Civ. No. B–84–435 (EBB).**

United States District Court, D. Connecticut.

Aug. 29, 1985.

Anthony M. Guerrera, Stratford, Conn., for plaintiff.

Richard D. Zeisler, Zeisler & Zeisler, P.C., Bridgeport, Conn., for Nick's Sunoco.

Samuel J. Lazinger, Rubens, Lazinger & Radcliffe, Bridgeport, Conn., for Kozera's Garage.

Peter L. Altieri, New York City, Donal C. Collimore, Fairfield, Conn., for defendants.

Andrew B. Bowman, Westport, Conn., for Mickey's Auto, Bob's Service, Stratfield Service Center, Marshall's Service, and Harry O's Auto Body.

ELLEN B. BURNS, District Judge.

The ruling of the Magistrate is approved, adopted and so ordered, absent objection.

REPORT AND RECOMMENDATION

July 31, 1985

ARTHUR H. LATIMER, United States Magistrate.

RULING ON MOTION TO DISMISS

Plaintiff objected to its removal in October of 1981 from an approved list of towing firms used by the Fairfield police. That removal followed a conviction of the company's majority stockholder for mail fraud; when he later reportedly conveyed his stock, but the plaintiff company was denied

immediate reinstatement, plaintiff's counsel threatened "to seek injunctive and equitable relief in the proper forum for the Town's anti-trust violations". At town counsel's request, the parties then pursued out-of-court resolution. Plaintiff was restored to the list in March of 1984, but in July of 1984 commenced the instant purported antitrust suit in any event for interim damages. In the circumstances presented, that damage claim as against the town and its officials seems appropriately extinguished by application of the Local Government Antitrust Act of 1984, Pub.L. 98–544 (October 24, 1984), now codified at 15 U.S.C. §§ 34–36.

Section 3(a) of the Act precludes recovery of damages "under Section 15, 15a, or 15c of this title from any local government, or official or employee thereof acting in an official capacity", 15 U.S.C. § 35(a). The Act was passed shortly after plaintiff instituted this suit, and Section 3(a) does properly apply by the express terms of Section 3(b) to pending cases if the local government "defendant establishes and the court determines, in light of all the circumstances, including the stage of litigation and the availability of alternative relief under the Clayton Act, that it would be inequitable not to apply" that bar to damages, 15 U.S.C. § 35(b). In moving to dismiss, the defendant Town of Fairfield and its co-defendant officials have persuasively invoked the statute.

Bearing in mind the evident underlying concern of Congress with the burden for municipalities and local taxpayers of substantial antitrust damage judgments, this does appear on balance a clearcut instance in which it would be indeed "inequitable" to allow retention of a possible damage remedy as against the official town defendants. The paradigm case for application of the damage cut-off is of course one in which the "pending case is in an early stage of litigation and where injunctive relief can remedy the problem", Conference Report 98–1158, U.S.Code Cong. & Admin.News 1984, pp. 4602, 4627. See also *Jade Aircraft Sales, Inc. v. City of Bridgeport*, Civil No. B–83–454 (WWE) (D.Conn. March 14, 1985). The instant action is certainly at a most early stage. Without yet having needed to bear the complex litigation risks and expenses of establishing in court the merits of any antitrust claim, moreover, plaintiff has already achieved its long-run central goal, restoration to the towing list, so that the equivalent of crucial ultimate equitable relief has already been afforded without need for court proceedings. If plaintiff can eventually demonstrate a meritorious antitrust liability claim, further, it can presumably still recover damages from one or more of the private business competitors remaining herein as named co-defendants.

The pending motion to dismiss is accordingly granted.